## SUPERIOR SMOKELESS COAL & MINING CO. v. UHRENA et al.

No. 22484.   Opinion Filed Oct. 27, 1931.

White & White, for petitioner.

Anton Koch, for respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioner to review an award of the State Industrial Commission, made and entered on the 23rd day of May, 1931, wherein Andy Uhrena, respondent, was given an award for temporary total disability at $18 per week from the 22nd day of May, 1930, to October 1, 1930, less five-day waiting period, for temporary total disability, and a further award of 80 weeks' compensation for permanent partial disability to respondent's left eye, and medical expenses incurred by respondent as a result of said injury.

Petitioner contends that there is no competent evidence to support said award and that the same is contrary to law. It is true there is a conflict in the testimony of witnesses.

The respondent testified that on the 22nd day of May, 1930, he was working for Superior Smokeless Coal & Mining Company at Tahoma:

"Q.  How did you get hurt, Andy?  A. Set props and drive with big sledge hammer, hit it and dirt and bark flew and hit me in the eyes.  Q.  Both eyes?  A.  Yes."

Respondent further testified that he could see good before he got hurt, could read the newspaper; after the injury he was not able to see and could not read his papers except he could read the top line or a part of the top line; that on the day of the injury he notified the mining foreman and that the foreman sent him to Dr. Minor to treat his eyes.

Dr. Robert L. Westover testified he had examined respondent.  In answer to one question he stated:

"Judging from the statement that he had normal vision before the accident, and has had this condition of vision since, and from the scars on the eyes, it is my opinion that the blindness in this case was due to the injury on this date."

The doctor further testified that the respondent had lost 80 per cent. of the vision of his left eye.  This testimony is contradicted by other medical experts, but this court will not weigh the evidence to determine the weight and value thereof; that is for the Industrial Commission.

Objection was urged and is urged here to the testimony of Doctor Westover, for the reason his opinion was based on the history of the case as given him by respondent. The history of the case, as given to Dr. Westover by respondent, is in substance exactly the history of the case testified to by respondent before the Industrial Commission, in this, that he was driving a piece of timber with a sledge hammer and that dirt and bark flew off and struck him in both eyes.

Under the record in this case this testimony was admissible and the Industrial Commission did not commit error in considering the same in determining the issue before it.

Judgment and award of the Industrial Commission is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.